U.S. COURTS

APR 2 2 2026

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

**STATE OF IDAHO,**
Plaintiff,

v.

**JONATHAN DANIEL HARMS and JOLENE LYNN HARMS,**
Defendants.

**Case No: 1:26 cv 240 REP**

## EMERGENCY MOTION FOR REVIEW AND MASSIVE REDUCTION OF BAIL OR ALTERNATIVE RELEASE CONDITIONS

Defendants Jonathan Daniel Harms and Jolene Lynn Harms, by and through Next Friend, **John Crigler**, respectfully move this Court for emergency review of bail and release conditions, and state as follows:

Defendants are currently incarcerated and unable to access legal research or writing materials, necessitating Next Friend assistance to preserve and protect constitutionally protected unalienable rights.

## I. EMERGENCY NATURE OF MOTION

1. This matter has been removed to federal court pursuant to 28 U.S.C. § 1442 and § 1446;
2. State court proceedings are ongoing or imminent, including closing arguments and trial-related activity;
3. Defendants remain incarcerated under extraordinary bail amounts;
4. Immediate relief is necessary to preserve meaningful participation in these proceedings and to prevent irreparable hardship for Defendants and their minor children;

1

## II. CURRENT DETENTION STATUS

5.  Defendant Jonathan Daniel Harms remains incarcerated under bail in the approximate amount of **$30,000,000**;
6.  Defendant wife, Jolene Lynn Harms remains incarcerated under bail in the approximate amount of **$15,000,000**;
7.  These amounts function as effective detention without realistic opportunity for release;
8.  Continued incarceration materially impairs Defendants' ability to participate in ongoing proceedings and federal jurisdictional review;

## III. IMPAIRMENT OF DEFENSE PARTICIPATION

9.  Defendants have experienced substantial limitations in receiving legal materials and communications;
10. Legal mail and filings have been denied as to access, delayed, returned, withheld, or otherwise not made reasonably available;
11. Defendants have had limited or complete denial of any ability to:
a. review pleadings;
b. understand filings;
c. respond to legal motions;
d. assist in trial preparation;
e. meaningfully participate in litigation strategy;

12. Continued detention materially impairs Defendants' ability to participate in federal proceedings following removal;

## IV. CPS INVOLVEMENT AND FAMILY HARDSHIP

13. Defendants are the parents of five minor children;
14. The **sole basis for CPS involvement** and temporary custodial intervention has been the incarceration of both parents;
15. There have been no allegations or findings of:
a. abuse;
b. neglect;
c. unsafe living conditions;
d. parental unfitness;

16. The children remain in their established domicile and have continued residing in a stable home environment;

2

17. The children are presently under temporary supervision by out-of-state family caregivers who have been compelled to leave their domiciles in other States and live in Idaho, solely due to the parents' detention;

## V. EXTRAORDINARY FAMILY HARDSHIP AND CAREGIVER LIMITATIONS

18. The children are currently under the temporary care of elderly grandparents:
a. **Samuel Harms**, approximately 86 years of age;
b. **Judy Harms**, approximately 82 years of age;

19. The grandparents traveled from Minnesota solely to provide temporary care during the parents' incarceration;
20. The frail grandparents require ongoing medical treatment and must return to Minnesota to resume care with their physicians;
21. Grandfather, Samuel Harms, must live in a lower elevation due to ongoing medical conditions that are exacerbated at higher elevations.
22. Due to age and medical necessity, continued caregiving is no longer sustainable;
23. Jonathan Harms' sister, Heidi, has also assisted with caregiving responsibilities during this period;
24. However, she must return to Seattle to maintain employment and avoid loss of her job; Heidi has exhausted all of her sick leave and accumulated vacation to support her brother, defendant, Jonathan Daniel Harms, and his family and their minor children;
25. The children therefore face the loss of all familial temporary caregivers if detention continues;
26. But for traumatic initial placement in a foster home with strangers pending approval of the family members to provide foster care, the children have remained stable within their domicile and have not been displaced from their home environment;
27. Continued detention creates escalating hardship and instability for five minor children despite the absence of any safety concerns;
28. Release or modified conditions would materially reduce disruption to the children and preserve continuity of care;
29. Defendant biological parents have no criminal history; they are stable in their community; they pose no risk of flight.
30. The underlying causes of action on their face are traditionally misdemeanors, stacked and bundled as if multiple occurrences.

## VI. EXTRAORDINARY BAIL AMOUNTS

28. Bail should reasonably assure court appearance and public safety;

29. Bail amounts functioning as practical detention are excessive relative to available alternatives;
30. Less restrictive conditions are available, including:

a. electronic monitoring;
b. supervised release;
c. travel restrictions;
d. periodic reporting;
e. surrender of passport;
f. location monitoring;

31. Such alternatives would reasonably protect court interests while permitting Defendants meaningful participation in proceedings;

## VII. FEDERAL REVIEW WARRANTS IMMEDIATE RELIEF

32. Removal has invoked federal jurisdiction;
33. Federal review of detention status is appropriate to preserve fairness and meaningful participation during jurisdictional determination;
34. Continued detention under present conditions creates irreparable hardship affecting both litigation participation and minor children;

## VIII. RELIEF REQUESTED

**WHEREFORE**, Defendants respectfully request that this Court:

1. Set an emergency hearing regarding detention and bail status;
2. Substantially reduce bail to an amount reasonably related to appearance and safety;
3. Alternatively, release Defendants under supervised or restrictive conditions;
4. Enter such additional relief as the Court deems just and proper.

DATED: 4/22/26

**John Crigler**
Next Friend for Jonathan Daniel Harms and Jolene Lynn Harms

4

# CERTIFICATE OF SERVICE

I certify that a copy of this Motion has been served upon all parties of record.

DATED: 4/22/26

John Crigler